UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

STIFEL, NICOLAUS & COMPANY, INC.,         :        14-cv-6523 (RWS)

                           Petitioner,                :

    -against-                                        :

CRAIG S. FORSTER,                                 :

                           Respondent.              :

------------------------------------------------------------------x


**RESPONDENT'S REPLY MEMORANDUM
IN SUPPORT OF HIS CROSS-PETITION TO
<u>VACATE OR MODIFY THE ARBITRATION AWARD</u>**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................... ii

INTRODUCTION ...................................................................................................1

ARGUMENT ...........................................................................................................2

I.  THE AWARD SHOULD BE VACATED ..................................................................2

II. IN THE ALTERNATIVE, THE AWARD SHOULD BE MODIFIED .........................4

CONCLUSION ........................................................................................................7

# **TABLE OF AUTHORITIES**

Page

**Cases**

*Apex Fountain Sales, Inc. v. Kleinfeld*, 818 F.2d 1089, 1094 (3rd Cir. 1987) ...................... 2

*Bell Aerospace Co., etc. v. Local 516, International Union, United Auto., etc.*,
500 F.2d 921, 923 (2d Cir. 1974) ........................................................................ 2

*Fine v. Bear Stearns & Co., Inc.*, 765 F. Supp. 824, 829 (S.D.N.Y. 1991) ...................... 2, 6

*Gulf Coast Industrial Workers Union v. Exxon Company, USA*,
70 F.3d 847, 850 (5th Cir. 1995) ........................................................................ 2

*Laws v. Morgan Stanley Dean Witter Corp.*, 452 F.3d 398 (5th Cir. 2006) ........................ 2

*Tempo Shain Corporation v. Bertek, Inc.*, 120 F.3d 16, 20 (2d Cir. 1997) ......................... 2

**Rules and Statutes**

9 U.S.C. § 10(a)(3) .................................................................................................. 2

9 U.S.C. § 11 ......................................................................................................... 6

## INTRODUCTION

In response to the cross-petition of respondent Craig S. Forster ("Forster") to vacate or modify the arbitration award sought to be confirmed in this proceeding (the "Award"), petitioner Stifel, Nicolaus & Company ("Stifel") has submitted the entire record of the arbitration proceeding to this Court for review. The sheer volume of materials submitted by Stifel cannot mask the fundamental factual points raised by Forster that require the Award to be vacated or modified: (a) Forster never received the full set of transaction documents necessary for Forster to be able to present a defense to the claims asserted by Stifel despite the fact that the arbitrator ordered Stifel to produce all relevant compensation documents to Forster; and (b) the portion of the Award that requires Forster to pay almost $300,000 in attorneys' fees was based on nothing other than a single line of text in a summary post-hearing document submitted to the arbitrator and Stifel failed to submit any factual testimony or documents during the arbitration proceeding in support for the attorneys' fees that it sought and obtained in the Award.

In essence, Stifel's entire argument in support of confirmation of the Award is based on the erroneous proposition that this Court's sole role under the Federal Arbitration Act ("FAA") is to rubber stamp whatever award is presented to the Court. According to Stifel, even if it is patently obvious that a party to an arbitration proceeding had been deprived of a potential defense and that a portion of an award had no evidentiary support whatsoever, this Court is powerless to do anything other than enforce the award as written by the arbitrator.

The FAA does not neuter this Court in the manner described by Stifel. For the reasons set forth in the Forster's cross-petition and below, and based on the full record of the arbitration proceeding now before the Court, Forster's cross-petition to vacate the Award should be granted.

In the alternative, this Court should modify the Award to eliminate the portion of the Award that ordered Forster to pay almost $300,000 in attorneys' fees to Stifel.

## ARGUMENT

### I.

### THE AWARD SHOULD BE VACATED

The legal standard pursuant to which a Federal district court should vacate an arbitration award under the FAA is not in dispute. In relevant part, this Court should vacate the Award if Forster demonstrates that the arbitrator was guilty of misconduct by "refusing to hear evidence pertinent and material to the controversy." 9 U.S.C. §10(a)(3).

Although arbitrators are granted substantial discretion concerning the admissibility and probative value of the evidence received during an arbitration proceeding, each party to the proceeding must be given an adequate opportunity to submit evidence and make arguments relevant to the dispute. *See Tempo Shain Corporation v. Bertek, Inc.*, 120 F.3d 16, 20 (2d Cir. 1997) (award vacated where arbitrators excluded evidence plainly pertinent and material to the dispute); *Gulf Coast Industrial Workers Union v. Exxon Company, USA*, 70 F.3d 847, 850 (5th Cir. 1995) (award vacated where arbitrator precluded party from introducing evidence supporting claim in dispute); *cf. Fine v. Bear Stearns & Co., Inc.*, 765 F. Supp. 824, 829 (S.D.N.Y. 1991) (award not vacated where party failed to show that exclusion of evidence caused substantial harm). The FAA protects the right of each party to a fair hearing on the merits of the dispute. *See Laws v. Morgan Stanley Dean Witter Corp.*, 452 F.3d 398 (5th Cir. 2006); *Apex Fountain Sales, Inc. v. Kleinfeld*, 818 F.2d 1089, 1094 (3rd Cir. 1987); *Bell Aerospace Co., etc. v. Local 516, International Union, United Auto., etc.*, 500 F.2d 921, 923 (2d Cir. 1974). However, a

Federal district court should not second-guess the arbitrator's resolution of the dispute or otherwise attempt to re-try the claims presented by the parties during the arbitration proceeding.

Here, the dispute between Stifel and Forster that was the subject of the arbitration proceeding concerned whether or not Forster owed any money to Stifel under certain promissory notes executed by Forster. To defend against Stifel's monetary claims on the promissory notes, Forster argued that he was owed substantial compensation from Stifel and that such compensation exceeded the balance due on the promissory notes or offset a substantial portion of the promissory note balances claimed by Stifel. In order to present that defense, Forster demanded a full set of compensation-related documents to be produced by Stifel and the arbitrator ordered Stifel to produce those documents.[1]

Stifel did **not** produce the full set of compensation-related documents demanded by Forster and ordered to be produced by the arbitrator. Instead, Stifel introduced into evidence various summary documents as "proof" that Forster was not owed additional compensation in any significant amount. According to Stifel, the arbitrator was entitled to rely upon the summary documents and other testimony introduced into evidence by Stifel in determining the merits of the promissory note claims brought by Stifel. *See* Reply of Petitioner Stifel Nicolaus & Company, Incorporated To Answer to Petition For Confirmation Of Arbitration Award And Entry of Judgment ("Stifel Reply"), pp. 10-12 and 20-22; Giansello Decl. ¶¶ 15-16.

There is no dispute that the arbitrator had discretion to allow Stifel to introduce summary documents in support of its claims and the arbitrator was entitled to give whatever evidentiary weight the arbitrator deemed appropriate to those summary documents. But what should be

---

[1] Declaration of John D. Giansello In Support Of Petition To Confirm Arbitration Award And In Opposition To Cross-Petition Of Respondent Craig S. Forster To Vacate Arbitration Award, dated October 3, 2014 ("Giansello Decl."), Ex. I, p. 2.

3

equally undisputed is that Forster was entitled to obtain <u>all</u> the transaction documents underlying the summaries introduced by Stifel in order to prepare a defense to the claims described in the summary documents introduced by Stifel. Despite the fact that the arbitrator ordered Stifel to produce a full set of compensation-related documents to Forster, Stifel did not comply fully with that direction and the arbitrator closed the proceeding without allowing Forster to present a defense based upon a full production of all compensation-related documents.

In its Reply papers, Stifel argues at length that the quantity and quality of evidence presented to the arbitrator *by Stifel* was sufficient to justify the Award. But this argument misses the fundamental problem with the Award – the arbitrator based the Award largely on Stifel's version of the facts instead of basing the Award on the arbitrator's evaluation of the parties' competing presentations of the facts contained in the underlying transaction documents concerning the amount of compensation owed (or not owed) to Forster. As a result, the arbitrator engaged in exactly the type of misconduct that warrants the vacatur of the Award under the FAA and this Court should grant Forster's cross-petition to vacate the Award.

II.

IN THE ALTERNATIVE,
<u>THE AWARD SHOULD BE MODIFIED</u>

There is no dispute that the promissory notes that were the subject of Stifel's claims against Forster included a provision that allowed for the collection of attorneys' fees incurred by Stifel in connection with the enforcement of the promissory notes. There is also no real dispute that Stifel presented <u>no</u> factual support during the arbitration hearing concerning a claim for attorneys' fees. Instead, Stifel simply made the following bald assertion in a post-hearing submission that was completely unsupported by any documentary or testimonial evidence:

4

"Total fees and disbursements billed since August 2013: $297,745.26."[2] Under the procedure adopted by the arbitrator, Forster had no opportunity to contest the reasonableness of the specific fees and disbursements claimed by Stifel. The Award included the full amount of the fees and disbursements sought by Stifel despite the absence of <u>any</u> evidence supporting this portion of Stifel's claim.

Stifel attempts to defend the portion of the Award that requires Forster to pay attorneys' fees in two ways. First, Stifel presents summary evidence to this Court in an effort to justify the amount of fees that were sought by Stifel in the arbitration proceeding. Giansello Decl., ¶ 20. But this summary information is too late and too spare; Stifel still has not produced any contemporaneous documentation to corroborate the fees and disbursements that it sought in the arbitration proceeding.

Second, Stifel claims that counsel for Forster consented to a process whereby Stifel would be allowed to collect attorneys' fees and expenses from Forster without providing any factual support for the claim in the arbitration proceeding. Stifel Reply, pp. 14, 23. An actual examination of the arbitration hearing transcript reveals no such consent or waiver. Instead, the portion of the transcript relied upon by Stifel merely shows continued arguments by counsel for Forster about the manner in which the arbitrator had determined to conclude the hearing. See Giansello Decl. Ex. C-1 (Transcript pp. 765-768). Moreover, it was Stifel's evidentiary burden to prove affirmatively the amount of fees and expenses incurred by Stifel; to the extent that the arbitrator adopted a process that eliminated Stifel's opportunity to present such factual proof without objection from Stifel, then Stifel effectively waived the claim for such attorneys' fees and expenses.

---

[2]   Giansello Decl., Ex. K

In addition to these factual arguments, Stifel also makes the legal argument that the Court does not have sufficient power under Section 11 of the FAA to modify the Award under these circumstances. Stifel Reply, p. 24. But Stifel recognizes that Section 11 of the FAA grants the Court certain discretion to "modify and correct the award" and it cannot be said that the claim for attorneys' fees was, in substance, "submitted" to the arbitrator when no actual evidence concerning such a claim was submitted to the arbitrator. 9 U.S.C. § 11.

Moreover, it is well-accepted that "an arbitration award may be vacated if it lacks any factual support." *Fine v. Bear, Stearns & Co.*, 765 F. Supp. 824, 828 (S.D.N.Y. 1991) (citations omitted). To the extent that this Court agrees with Stifel's view that Section 11 does not provide this Court with sufficient power to modify the Award to eliminate the portion of the Award that included an award of attorneys' fees that lacked any factual support, then this Court should vacate the entire Award as a result of that plain defect.

## **CONCLUSION**

Based upon Forster's cross-petition, the record of the arbitration proceeding, and the reasons described above, this Court should grant Forster's cross-petition to vacate the Award. In the alternative, this Court should modify the Award to eliminate the portion of the Award that ordered Forster to pay almost $300,000 in attorneys' fees and disbursements to Stifel.

Dated: New York, New York
October 20, 2014

        SHER TREMONTE LLP

        By: /s/ Robert Knuts
            Robert Knuts

        80 Broad Street, Suite 1301
        New York, NY 10004
        (212) 202-2638

        Attorneys for Respondent Craig S. Forster