UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

STIFEL, NICOLAUS & COMPANY,
INCORPORATED,

                              Petitioner,              14 Civ. 6523

      -against-                                        OPINION

CRAIG S. FORSTER,

                              Respondent.

------------------------------------------X

A P P E A R A N C E S:

    **Attorneys for Petitioner**

    ORRICK, HERRINGTON & SUTCLIFFE LLP
    51 West 52nd Street
    New York, NY 10019

    By:  Michael Delikat, Esq.
         John D. Giansello, Esq.

    **Attorneys for Respondent**

    SHER TREMONTE LLP
    80 Broad Street, Suite 1301
    New York, NY 10004

    By:  Robert Knuts, Esq.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/6/15

**Sweet, D.J.**

Petitioner Stifel Nicolaus & Company, Incorporated, Petitioner ("Stifel" or "Petitioner") moved pursuant to Sections 9 and 13 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, et seq., for an order confirming the award of the arbitration panel in the matter of the arbitration between Stifel and Respondent Craig S. Forster, Respondent ("Forster" or "Respondent"), entered on July 29, 2014.  Upon the facts and conclusions set forth below, the motion of Stifel is granted, the arbitration award is confirmed, and judgment will be so entered.

**Prior Proceedings**

On May 31, 2013, Forster filed an action in this Court against Stifel and individual defendants, captioned Craig S. Forster v. Stifel, Nicolaus & Company, Frank Story and Andrea Schiaffino, docketed as No. 13 Civ. 3711, alleging various claims under federal, state and local law, including claims of religious and disability discrimination arising out of his employment with Stifel and the termination of that employment by Stifel on October 3, 2011.

1

On August 15, 2014, Stifel filed its Petition in this action as a related case to 13 Civ. 3711.  The following facts are set forth in the Stifel's Petition and Forster's Cross-Petition to vacate the arbitration award.

The Financial Industry Regulatory Authority ("FINRA") is a self-regulatory organization ("SRO") under the Securities Laws of the United States, see 15 U.S.C. §§ 78f, 78o-3 and 78s, created in 2007 as a consolidation of the National Association of Securities Dealers, Inc. ("NASD") and the member regulation, enforcement and arbitration functions of the New York Stock Exchange.

Stifel is a corporation organized and incorporated under the laws of the State of Missouri, having its principal place of business in Saint Louis, Missouri.  It has been a registered broker-dealer and a member firm of FINRA at all relevant times.  Following an Agreement and Plan of Merger dated January 8, 2007, Stifel became the successor in interest to Ryan Beck & Co., Inc. ("Ryan Beck").  Ryan Beck was a New Jersey corporation having its principal place of business at Florham Park, New Jersey.  Ryan Beck has been a registered broker-dealer and a member firm of FINRA at all relevant times.

2

Forster, an individual, is a resident of Millwood, New York.  From August 25, 2006, Forster was a registered representative with FINRA employed by Ryan Beck and subsequently by Stifel, until October 3, 2011.  At all relevant times, Forster has been an "associated person" or an "associated person of a member" of FINRA.  See FINRA Code of Arbitration Procedure ("Code") §§ 13100(a),(o) & (r)(l).

Under the Code, Forster is required to arbitrate any dispute between himself as an "associated person of a member" of FINRA and Stifel as a member of FINRA arising out of their business interactions with one another.  Code § 13200(a).  The dispute resulting in the FINRA arbitration award Stifel now seeks to enforce in this action arose out of business activities of Forster as an "associated person of a member" of FINRA and Stifel as a member of FINRA.

Pursuant to a Form U4 Agreement[1] entered into between Forster and FINRA in connection with his employment by Ryan Beck, Forster agreed "to arbitrate any dispute, claim or controversy that may arise between [him] and [his] firm, or a

---

[1] Relevant portions of Form U4 were appended as Exhibit One to Petitioner's Petition to Confirm Arbitration Award and Entry of Judgment, dated August 14, 2014.

customer, or any other person, that is required to be arbitrated under the rules, constitutions, or by-laws of the SROs indicated in Section 4 (SRO Registration) as may be amended from time to time and that any arbitration award rendered against Forster may be entered as a judgment in any court of competent jurisdiction."  Among the SROs "indicated in Section 4" of the Form U4 is NASD, now consolidated into FINRA.

Forster's U4 Agreement is a contract with the securities exchanges, and disputes arising out of the U4 Agreement constitute "transaction involving commerce" within the meaning of the Federal Arbitration Act ("FAA").  See 9 U.S.C. § 2; Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 23-25 (1991).  There is complete diversity of citizenship between the parties, and more than $75,000 in controversy, so that this Court has jurisdiction of this matter pursuant to the provisions of 28 U.S.C. § 1332(a)(1).  Venue is proper in the Southern District of New York because Arbitration Award was issued in this district.

Forster entered into a five promissory note agreements ("Notes") with Ryan Beck and Stifel during the course of his

4

employment.[2]  The first four Notes specified a principal amount
and each contained a term forgiving repayment of the principal
and interest in monthly installments ("forgiveness period") as
long as Forster remained an employee with the applicable
promisee, i.e., Ryan Beck or Stifel.  The Notes' unpaid balances
would become immediately due and payable if Forster should cease
to be employed by the promisee for any reason.

On August 28, 2006, Forster and Ryan Beck entered into
the first written promissory note agreement ("Note 1") with a
principal sum of $734,000.00 and a forgiveness period of ten
years.  Note 1 was assigned by Ryan Beck to Stifel on March 31,
2008.  On March 28, 2007, Forster and Stifel entered into a
second written promissory note agreement ("Note 2") with a
principal sum of $13,333.33 and a forgiveness period of seven
years.  On November 5, 2007, Forster and Stifel entered into the
third written promissory note agreement ("Note 3") with a
principle sum of $87,447.91 and a forgiveness period of nine
years.  On November 6, 2008, Forster and Stifel entered into the
fourth written promissory note agreement ("Note 4") with a
principal sum of $105,702.00 and a forgiveness period of eight
years.  On January 6, 2011, Forster and Stifel entered into the

---

[2] A copy of the Notes is appended to Exhibit Two in Stifel's Petition.

fifth written promissory note agreement ("Note 5") in the
principal sum of $40,000.00.  Unlike Notes 1 through 4, Forster
agreed to repay Note 5's principal amount in equal monthly
payroll deduction installments over a two-year period.  Note 5
also contained a provision that the entire unpaid balance of
Note 5 would become immediately due and payable in the event
that Forster's employment with Stifel should end for any reason.

All five Notes required that any controversy or
dispute arising out of them be arbitrated through the facilities
and under the rules of NASD, or its successor, FINRA.  See
Petition, Ex. Two, Statement of Claim ("Statement of Claim) Exs.
B, D, E, F and G.  The rules of FINRA provide that "all awards
rendered under the Code are final and are not subject to review
or appeal."  Code § 13904(b).

On October 3, 2011, Stifel terminated Forster's
employment for violation of Firm policy.  On October 4, 2011,
Stifel made a formal, written demand upon Forster for immediate
repayment of $569,034.00, which was the then aggregate
outstanding, unpaid balance on all five Notes.  On December 9,
2011, having received no payment from Forster in response to its

October 4, 2011 demand, Stifel filed a Statement of Claim.  See
generally Statement of Claim.

     The FINRA arbitration proceeding ("Arbitration
Proceeding"), docketed as FINRA DR Arbitration No. 11-04589,
commenced to recover the unpaid balance due on the five Notes,
plus interest and costs, including its attorneys' fees, as
provided for by the terms of the Notes.  On March 20, 2012,
Forster fined a Statement of Answer.  See Petition, Ex. Three,
Statement of Answer ("Statement of Answer").  On March 23, 2012,
FINRA Dispute Resolution appointed arbitrator John Daly (the
"Arbitrator") as a single public arbitrator to hear and
determine the claims and defenses in the Arbitration Proceeding.

     Arbitration hearings were held in New York City on
February 7 and June 10, 11 and 12, 2014.  Claimant and
Respondent attended the hearing and were represented by counsel,
documentary and testimonial evidence was taken and received and
argument from both parties heard.  Post-hearing submissions were
also sent to the Arbitrator by both parties.

     On July 29, 2014, the Arbitrator issued a written
Award granting Stifel, inter alia, the sum of $656,155.77 in

compensatory damages, $297,745.26 in fees and disbursements, and
$4,496.85 for hearing reporting charges (the "Award").   The
Award is to bear interest at the rate of nine per cent per annum
on the total amount of damages of $958,397.88 from the date of
the Award until payment.   The Award requires that all monetary
awards are to be paid within 30 days of receipt of the Award
unless a motion to vacate has been filed with a court of
competent jurisdiction and it denies all relief not specifically
addressed by the Award.

FINRA arbitration rules provide, in relevant part,
that parties have the following rights: (i) to obtain documents
and information from other parties to the arbitration that
relate to the matter in controversy prior to the hearing; (ii)
to obtain documents and information pursuant to subpoenas issued
by the Arbitrator; and (iii) to a fair opportunity to present
the party's case at the hearing.

The FAA empowers a federal court to vacate an
arbitration award where the Arbitrator refused "to hear evidence
pertinent and material to the controversy" or engaged in any
other "misbehavior by which the rights of any party have been
prejudiced."   9 U.S.C. § 10(a)(3).   The FAA also empowers a

Federal court to modify an arbitration award where the Arbitrator has "awarded upon a matter not submitted" to him.  9 U.S.C. § 11(b).

According to Forster, the Arbitrator denied Forster's rights to: obtain documents and information from Stifel that related to the matter in controversy prior to the hearing; obtain documents and information pursuant to subpoenas issued by the Arbitrator; and a fair opportunity to present the party's case at the hearing.  The Arbitrator included in the Award nearly $300,000 in legal fees and expenses purportedly incurred by Stifel in connection with the Arbitration Proceeding but upon which no documentary evidence had been submitted to the Arbitrator during the hearing.  Forster contends that, by including such legal fees and expenses in the Award, the Arbitrator issued an award "upon a matter not submitted" to him.

The Arbitration Proceeding concerned whether or not Forster owed any money to Stifel in connection with the Notes. The Arbitrator determined the full and proper calculation of the amounts due under the Notes; and the amount of compensation that Stifel owed to Forster, which Forster contended was greater than the amounts due under the Notes.

According to Forster, he repeatedly sought to obtain documents and information relating to these factual issues during the Arbitration Proceeding and Stifel repeatedly sought to deny Forster's counsel all the documents and information that related to both the amounts due under the promissory notes and the compensation owed by Stifel to Forster.  In particular, Forster contends that his counsel sought and did not receive:

(a)  Documentation from Stifel's accounting department concerning the amounts allegedly due on the promissory notes;

(b) Documents showing the amount of deferred compensation owed by Stifel to Forster; and

(c) Documents showing the amounts of commissions that were or should have been credited to Forster.

Forster further contends that he elicited testimony at the Administrative Proceeding that documents showing the amount of commissions earned on individual client accounts could have been produced by Stifel.  He claims that Stifel's witnesses could not say with certainty that the documents actually

10

produced by Stifel showed all of the transactions for which
Forster was entitled to commissions.

Stifel's motion and Forster's cross-motion were heard
and marked fully submitted on November 12, 2014.

**The Applicable Standard**

Confirmation of an arbitration award "is a summary
proceeding that merely makes what is already a final arbitration
award a judgment of the Court." Kruse v. Sands Brothers & Co.,
Ltd., 226 F. Supp. 2d 484, 485 (S.D.N.Y. 2002) (quoting Yusuf
Ahmed Alghanim & Sons, W.W.L. v. Toys "R" Us, Inc., 126 F.3d 15,
23 (2d Cir. 1997) (internal quotations omitted).  The showing
required to avoid summary confirmation is high.  Kruse, 226 F.
Supp. 2d at 485; D.H. Blair & Co., Inc. v. Judit Gottdiener, 462
F.3d 95, 110 (2d Cir. 2006) ("the showing required to avoid
confirmation is very high").  An award can be invalidated on the
basis of Section 10 of the FAA.  See 9 U.S.C. §10, Wall Street
Assocs. L.P. v. Becker Paribas Inc., 27 F.3d 845, 849 (2d Cir.
1994); Kruse, 226 F. Supp. 2d at 485.  The party moving to
vacate an arbitration award bears the burden of proof.  D.H.
Blair, 462 F.3d at 110.

11

A petition to confirm an arbitration award should be "treated as akin to a motion for summary judgment based on the movant's submissions" and on the basis of the arbitration record.  See id. at 109.  Invitations to second-guess an arbitrator's resolution of a contract dispute are not well received.  Yusuf, 126 F.3d at 23; In re Andros Compania Maritima, S.A., 579 F. 2d 691, 703 (2d Cir. 1978).

"[E]ven a refusal to hear evidence does not necessarily require vacatur."  Kruse, 226 F. Supp. 2d at 488.  An arbitration award must not be set aside on the basis of the arbitrator's refusal to hear evidence that is cumulative or irrelevant; vacatur is appropriate only when exclusion of relevant evidence so affects rights of a party that it is deprived of a fair hearing.  Id.  Fine v. Bear, Stearns & Co., 765 F. Supp. 824, 829 (S.D.N.Y. 1991).  An award may be vacated only if a party's right to be heard has been "grossly and totally blocked."  Kruse, 226 F. Supp. 2d at 488.  Refusal of an arbitrator to require an adverse party to produce underlying detailed documents that at best would have been cumulative does not make an arbitration hearing unfair.  Neither does a party's disagreement with the arbitrator's ruling on the weight and

12

relevancy of evidence.  Id.  An arbitrator's decision to accept summaries of data instead of requiring production of voluminous underlying data is not misconduct.  Fairchild Corp. v. Alcoa, Inc., 510 F. Supp. 2d 280, 288 (S.D.N.Y. 2007).  Arbitrators are afforded broad discretion to determine whether to hear or not hear evidence, or whether additional evidence is necessary or would simply prolong the proceedings.  Id. at 286 (citing Areca, Inc. v. Oppenheimer & Co., Inc., 960 F. Supp. 52, 55 (S.D.N.Y. 1997)).  "Therefore, a court may not conduct a reassessment of the evidence or vacate an arbitral award because the arbitrator's decision may run contrary to strong evidence favoring the party seeking to overturn the award.  Fairchild, 510 F. Supp. 2d at 286.

As long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, a court's belief that the arbitrator committed serious error does not suffice to overturn the Arbitrator's decision.  Id. at 285 (citing United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc., 484 U.S. 29, 38 (1987).  "If a ground for the arbitrator's decision can be inferred from the facts of the case, the award should be confirmed."  Fahnestock & Co., Inc. v. Waltman, 935 F.2d 512, 516 (2d Cir. 1991).

**The Petition to Confer the Award is Granted**

Given that this proceeding to confirm an arbitration award is essentially a motion for summary judgment on limited review, Forster was required to controvert the allegations of the petition by "specific facts showing that there is a genuine issue for trial." Parks Real Estate Purchasing Group v. St. Paul Fire and Marine Ins. Co., 472 F.3d 33, 41 (2d Cir. 2006). Moreover, the specific facts must be material, i.e., they "might affect the outcome of the suit under the governing law." Kinsella v. Rumsfeld, 320 F.3d 309, 311 (2d Cir. 2003) (citation omitted). Affidavits advancing such facts must be based upon "concrete particulars," not conclusory allegations or bald assertions or legal conclusions. Schwapp v. Town of Avon, 118 F.3d 106, 111 (2d Cir. 1997) (citations omitted).

Here, the Petition establishes the facts necessary to support confirmation of the Award based upon appended materials, consistent with 9 U.S.C. § 13. Forster, in his Cross-Petition, seeks to have the Court ascertain whether the allegations of the Petition are consistent with the Statement of Claim and the documents attached to the Petition as required by Section 13.

14

This would result in re-trying matters referred to and decided
in the arbitration, which the Court is forbidden from doing.
See Glasser, 354 F. Supp. at 6.

Since the necessary pre-requisites for confirmation of
the Award are met, the Award is confirmed and judgment will be
entered, unless it is vacated, modified or corrected under
applicable provisions of the FAA.   See 9 U.S.C. §§ 9, 10, 13.

**The Cross-Petition to Vacate the Award is Denied**

The Arbitration encompassed four days of transcribed
hearings, during which eight witnesses testified and 48
documentary exhibits were received in evidence.   The parties
were afforded pre-hearing discovery, and, upon Forster's
initiative and demand, and over Stifel's objection, additional
voluminous discovery of Stifel was ordered and accomplished in
the four-month interim between the first and second hearing
days.

Forster's principal argument as a basis to vacate the
Award is that the Arbitrator committed "misconduct" within the
meaning of 9 U.S.C. § 10(a)(3), in that he allegedly denied

15

Forster rights to obtain documents and information and a fair
opportunity to present his case.  Cross-Petition at ¶¶ 44, 46.
In particular, the Arbitrator allegedly denied Forster
sufficient access to, and refused to consider sufficient
documentary evidence concerning: (i) the accurate calculation of
the amounts due under the promissory notes; (ii) the amounts of
deferred compensation allegedly owed to Forster by Stifel; and
(iii) the commission amounted allegedly due and unpaid during
Forster's more than five years of employment with Stifel, which
focused on unpaid commissions on the so-called "Limmer" accounts
and on the transactions of an institutional client Forster had
introduced to the Firm.  Cross-Petition at ¶¶ 47-49.

        The record contradicts Forster's contention regarding
the Arbitrator's conduct.  The Arbitrator heard testimony and
reviewed evidence that the calculation of the amounts due under
the promissory notes was formulaic and dictated by the
unambiguous terms of the notes themselves, which were part of
the Statement of Claim and in evidence.  The Arbitrator also had
in evidence Forster's initial compensation agreement providing
for deferred compensation awards, which contained
contemporaneous award documents, and contemporaneous
recapitulations of the vesting status of Forster's deferred

compensation awards as of the time of the termination of his
employment.  These materials were available on demand to Forster
directly during his employment and demonstrated that, with the
exception of 903 units, his remaining deferred compensation was
subject to "cliff vesting," which had not occurred as of the end
of his employment.  Finally, the Arbitrator had in evidence
summaries of commissions on the "Limmer" accounts as to which
claims were made and of the institutional account in issue.  In
addition, the Arbitrator, mid-hearing, ordered substantial,
additional discovery from Stifel in an attempt to satisfy
Forster's repeated suggestions that "foundational" documents
might establish something contrary to the substantial evidence
already available.

At the Arbitration Proceeding, Forster further
contended that his deferred compensation, the largest single
element of his claimed offsets the amounts he on his Notes.
Over Stifel's strenuous objection, the Arbitrator heard and
considered Foster's argument.  Forster also argued that Stifel's
accounting summaries and communications about the amounts due on
his Notes and the commissions on the "Limmer" accounts and the
institutional account might not have been accurately prepared.
Stifel asked to present for cross-examination on rebuttal the

accounting department official responsible for overseeing the preparation of the summaries, but the Arbitrator denied Stifel that opportunity.  On the record as a whole, Forster was afforded a full and fair opportunity to present his defenses and his right to be heard was not "grossly and totally blocked." Cobec Brazilian Trading & Warehousing Corp. of U.S. v. Isbrandtsen, 524 F. Supp. 7, 10 (S.D.N.Y. 1980).

Forster contends that the evidence Foster offered supported adequately substantiated Forster's position, and that the evidence the Arbitrator chose to credit was insufficient to support the Award.  These are not grounds for a Court to vacate an award.  Fine, 765 F. Supp. at 829 (disagreement with the arbitrators ruling on the weight and relevance of evidence not ground to vacate); Fairchild, 510 F. Supp. 2d at 289 (challenge to the sufficiency of the evidence the arbitrator weighed and chose to credit cannot be ground for overturning the award, since the arbitrator has discretion to admit or reject evidence and determine what materials may be cumulative or irrelevant). As long as the arbitrator "is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error

does not suffice to overturn his decision." Id. at 285
(citation omitted).

Based upon the record and the applicable standard of
review, no grounds have been established to vacate the Award.

**The Grant of Attorneys' Fees Was Appropriate**

Forster's final argument is that, in awarding
attorneys' fees and costs and disbursements to Stifel, the
Arbitrator "awarded upon a matter not submitted" to him, such
that the award must be "corrected" or "modified" to strike that
portion of the Award. Cross-Petition at ¶¶ 45-46. In support
of his position, Forster notes that Stifel did not submit
documentation in support of its requests for fees and costs
prior to the close of the hearing, and that he did not have a
reasonable opportunity to contest the reasonableness or factual
basis for the fee and cost award. Cross-Petition at ¶ 51.

The Notes Forster entered into unambiguously provided
for attorneys' fees and costs to Stifel incurred in enforcing
their terms. There was evidence presented during the hearing
that substantial fees of outside counsel were incurred in this

19

matter and that the rates charged by outside counsel were
reasonable in the market for such services.  Provision was made
at the conclusion of the hearings, with the agreement of counsel
for the parties, that the fee request would be made in a post-
hearing submission.  Counsel for Forster insisted that the
submissions be simultaneous and limited to figures.  Forster
raised reasonableness of fees arguments in his arbitration
submission.  The fees were within the rate parameters acceptable
to Forster.  In its post-hearing submission, Stifel offered to
provide back-up documentation for the fees and disbursements
requests if asked and the Arbitrator did not require anything
further.

        In sum, Foster's fee argument is that the Arbitrator
decided the issue based upon in sufficient evidence.  See Cross-
Petition at ¶ 16.  That, however, is not a proper or adequate
ground for overturning the Award.  See Fine, 765 F. Supp. at 829

**Conclusion**

   For the foregoing reason, the Petition to Confirm the Award is granted, the Cross-Petition to Vacate or Modify the Award is denied and Judgment will be entered on notice.

   It is so ordered.

**New York, NY**
**February 6 , 2015**

          _____

          **ROBERT W. SWEET**
          **U.S.D.J.**